IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUE ANN REEDER,

  Plaintiff,

v.               Case No. 1:23-cv-00744-MIS-LF

MARTIN O'MALLEY,
Commissioner of Social Security,

  Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Attorney's Motion for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. § 406(b)(1) (Doc. 31), filed June 18, 2024.  The Commissioner took no position on the fee petition.  Doc. 32 at 1.  United States District Judge Margaret Strickland referred this case to me "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 8.  Having meticulously reviewed the entire record and being fully advised in the premises, I recommend that the Court GRANT the motion.

  **I.**  **Procedural History**

In 2017, Ms. Reeder filed an application for Disability Insurance Benefits ("DIB"), alleging disability since August 20, 2005, due to posterior laminectomy fusion, herniated disc, osteoarthritis, migraine headaches, chronic neck pain, numbness on the left side of her head, sleep issues due to pain, and depression.  AR 177, 287.  The Social Security Administration ("SSA") denied her claim initially on July 20, 2017.  AR 171–74.  The SSA denied her claim on reconsideration on December 8, 2017.  AR 177–79.  Ms. Reeder requested a hearing before an ALJ.  AR 184–86.  On July 15, 2019, ALJ Michelle K. Lindsay held a hearing.  AR 148.  ALJ

Lindsay issued an unfavorable decision on August 30, 2019. AR 145–74. Ms. Reeder requested review by the Appeals Council, which remanded the claim for further proceedings on May 29, 2020. AR 165. ALJ Lindsay denied the claim again on November 24, 2020. AR 9–32. On March 15, 2021, the Appeals Council denied Ms. Reeder's request for review. AR 1–6. Ms. Reeder timely filed her appeal to this Court on April 13, 2021. *See Reeder v. Kijakazi*, No. 1:21-cv-00335-JFR, Doc. 1 (D.N.M. Apr. 13, 2021). On January 26, 2022, United States Magistrate Judge John F. Robbenhaar granted an unopposed motion to remand Ms. Reeder's case for further administrative proceedings. *Id.*, Doc. 23.

On remand, the Appeals Council remanded the case to a different ALJ for a new hearing. AR 1420–26. The remanded case was assigned to ALJ Jennifer Fellabaum, who held a hearing on June 14, 2023. AR 1318–19. On June 28, 2023, ALJ Fellabaum issued an unfavorable decision. AR 1316–41. Because this Court previously remanded Ms. Reeder's case, Ms. Reeder was not required to seek Appeals Council review again, and the ALJ's decision stood as the final decision of the Commissioner. *See* 20 C.F.R. § 404.984(a). Ms. Reeder timely filed her second appeal to this Court on September 5, 2023. Doc. 1.

On April 10, 2024, United States District Judge Margaret Strickland issued an amended order granting an unopposed motion to reverse the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 27. She found that Ms. Reeder's onset date was June 3, 2007. Docs. 27, 28. On May 23, 2024, Ms. Reeder filed an unopposed motion requesting $5,939.00 in attorney's fees and $402.00 in costs under the Equal Access to Justice Act ("EAJA"), and the Court awarded the requested EAJA fees and costs for a total of $6,331.00. Docs. 29, 30.

Following Judge Strickland's amended order and final judgment, the SSA awarded back benefits from April 2016 totaling $135,970.32.[1]  Doc. 31 at 2; Doc. 31-2 at 2.  By Notice of Award dated May 25, 2024, the SSA notified Ms. Reeder that she would receive a check for $103,649.42 for money owed to her through April 2024, and after that, she would receive $1,497.00.00 per month.  Doc. 31-2 at 2.  The SSA also notified her that $33,992.58 had been withheld from her past-due benefits to pay for attorney's fees.  *Id*.  Ms. Reeder's attorney, Michael Liebman, requested and was awarded $10,000.00 for work performed at the administrative level.  Doc. 31 at 2.  Mr. Liebman now requests that he be awarded $23,992.58 as attorney's fees for legal services rendered before this Court.  *Id*.

## II. Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court.  *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *Id.*  Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b).  *Id.* at 497.[2]  If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant.  *Id.*

---

[1] Documents from the SSA indicate that it withheld 25% of Ms. Reeder's total past due benefits, or $33,992.58.  Doc. 31-2 at 2.  The amount of back benefits is calculated from these figures ($33,992.58 x 4 = $135,970.32).

[2] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's

3

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

---

past-due benefits. *See Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001); 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

**III.     Analysis**

First, I find that Mr. Liebman requested § 406(b) fees within a reasonable time. The Court entered a favorable decision on April 10, 2024. Doc. 27. The SSA issued a Notice of Award indicating the amount of back benefits due to Ms. Reeder, as well as the attorney's fees withheld, on May 25, 2024. Doc. 31-2 at 1–2.[3] Mr. Liebman filed his fee motion on June 18, 2024. Doc. 31. I find this to be filed within a reasonable time.

Second, I find that the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. Ms. Reeder signed fee agreements on April 7, 2021, and August 26, 2023, which state in part:

> If I am awarded benefits in federal court, or if I am awarded benefits by the Social Security Administration ("SSA") following a remand in my case in which my attorney represented me, I agree to pay my attorney 25 percent of the past-due benefits awarded to me and my family. . . .
>
> I understand that the federal court may order the SSA to pay all or part of the attorney's fee and expenses under the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 31-4 at 1; *see also* Doc. 31-5 at 1.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find Mr. Liebman's requested attorney's fees reasonable. Mr. Liebman obtained a fully favorable outcome for plaintiff, and he was not responsible for any appreciable delay in the resolution of the case. Mr. Liebman's fee request of $23,992.58 is not disproportionately large in comparison

---

[3] *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

to the amount of time spent on the case, *see* Doc. 31 at 5 (41.0 hours, or $585.18 per hour), and is in line with other awards in this district under § 406(b). *See also* Doc. 31-1 at 2 (affidavit affirming that Mr. Liebman spent a total of 41.0 hours representing Ms. Reeder before the Court in the two civil actions). Thus, my independent review finds the requested award to be both appropriate and reasonable.

The following EAJA awards already have been paid out: $3,250.00 plus $402.00 in costs from *Reeder I* (Doc. 26 in No. 1:21-cv-00335-JFR), and $5,929.00 plus $402.00 in costs from the present case (Doc. 30). This totals $9,179.00 in attorney's fees plus $804.00 in costs for a grand total of $9,983.00. Mr. Liebman states that he will refund the EAJA *fees*—that is, the $9,179.00—but not the costs. Doc. 31 at 5. I find this request permissible. "To prevent double payment of fees for the same work under both statutes, . . . Congress directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits." *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *see also* 42 U.S.C. § 406(b) ("In case of any such judgment, no other fee may be payable or certified for payment *for such representation* except as provided in this paragraph." (emphasis added)); *Hawthorne v. Colvin*, No. 1:13-cv-01030-WPL, 2016 WL 9819507, at *3 (D.N.M. Oct. 17, 2016) (requiring EAJA refund "minus sales tax and advanced costs"); *Stotts v. Saul*, No. 1:17-cv-00416-GJF, 2019 WL 4600163, at *3 (D.N.M. Sept. 23, 2019) (finding it appropriate to subtract costs and taxes "if Plaintiff had previously agreed to pay for these items"). Double payment of attorney's fees for the same work is the concern underpinning the EAJA offset requirement. Further, Ms. Reeder agreed that "[i]f the Court orders the SSA to pay for some or all of the expenses incurred in my case under the EAJA, I will receive a refund for the expenses that I have paid, and my attorney will receive a refund for the expenses that he has paid." Doc. 31-4; Doc.

31-5. Accordingly, I would permit the requested offset of only the attorney's fees portion of the EAJA award ($9,179.00), *not* the entire EAJA award ($9,983.00).

I therefore recommend that the Court GRANT the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 31).  I recommend that the Court award Mr. Liebman $23,992.58 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

I also recommend that the Court order counsel to refund to Ms. Reeder the $9,179.00 in EAJA fees previously awarded in her appeals, but I also recommend the Court find that counsel need not refund the $804 awarded in EAJA costs.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id.*  In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

8